UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID BOZEMAN,

        Plaintiff,

   vs.

KELLY SANTORO, et al.,

        Defendants.

1:17-cv-01247-DAD-GSA-PC

**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**
**(ECF No. 1.)**

**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT**

## I.  BACKGROUND

David Bozeman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 18, 2017, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

The Complaint is now before the court for screening.  28 U.S.C. § 1915A.

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at North Kern State Prison in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Kelly Santoro (Warden), B. Kibler (Chief Deputy Warden), B. Johnson (CCII), and Mathew Cate (Secretary, CDCR).

Plaintiff's allegations follow. Plaintiff is permanently mobility-impaired and uses a cane. In September 2016, Plaintiff slipped and fell, injuring his neck and back. One year later, on August 26, 2017, a slip cover was added to the shower area.

Defendant Kelly Santoro, Warden, failed to provide slip mats or rails in the showers for ADA prisoners who have walking disabilities and need to use a cane, wheelchair, or crutches.

Defendant B. Kibler, Chief Deputy Warden, discriminated against Plaintiff for having a physical disability, because there are no slip-mats or railings for mobility-impaired prisoners who have to use showers that flood, subjecting Plaintiff to cruel and unusual punishment.

Defendant B. Johnson, a case counselor, discriminated against Plaintiff for having a physical disability and was deliberately indifferent to Plaintiff's injured neck and back caused by a slip-and-fall where there was no ADA accommodation. Defendant Johnson also attempted to impede the appeals process.

Defendant Mathew Cate, who is responsible within his duties as Secretary of the CDCR for Plaintiff's safekeeping, violated Plaintiff's First and Eighth Amendment rights by failing to provide reasonable accommodations for the mobility-impaired, such as Plaintiff, who suffered a slip-and-fall.

Plaintiff sues each defendant in his or her individual capacity and seeks monetary damages, including punitive damages, as relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Americans With Disabilities Act (ADA)

#### 1. Standards to State an ADA Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of

Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility—and dexterity-impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

///

///

### 2.      **Appropriate Defendants in ADA Actions**

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination.  <u>Georgia</u>, 546 U.S. at 153.  State correctional facilities are "public entities" within the meaning of the ADA.  <u>See</u> 42 U.S.C. § 12131(1)(A) & (B); <u>Yeskey</u>, 524 U.S. at 210; <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1025 (9th Cir. 1997).  Also, a state official sued in his or her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action.  <u>See</u> <u>Applegate v. CCI</u>, No. 1:16–cv–1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181, 1187–88 (9th Cir. 2003); <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)).

Ordinarily, a plaintiff is not entitled to monetary damages against defendants in their official capacities.  <u>Aholelei v. Department of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.").  However, the Eleventh Amendment does not bar ADA suits against state officials in their official capacities for injunctive relief or damages.  <u>See</u> <u>Phiffer v. Columbia River Corr. Inst.</u>, 384 F.3d 791, 792–93 (9th Cir. 2004).

### 3.      **Discussion**

The ADA, as amended in 2008, defines a disability, with respect to an individual, as "a physical or mental impairment that substantially limits one or more major life activities of such an individual." <u>Id.</u> (quoting 42 U.S.C. § 12102(1)(A)).  The court finds that Plaintiff has adequately alleged that he is disabled under the ADA.

Plaintiff brings claims against Defendants only in their individual capacities.  Because individual liability is precluded under Title II of the ADA, none of Plaintiff's claims under the ADA are cognizable.[1]

---

[1] Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities.  <u>Shaughnessy v. Hawaii</u>, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); <u>Anaya v. Campbell</u>, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); <u>Roundtree v. Adams</u>, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005).  Individual liability is precluded under the ADA.  <u>Shaughnessy</u>, 2010 WL 2573355, at *8; <u>Anaya</u>, 2009 WL 3763798, at *5-6; <u>Roundtree</u>, 2005 WL 3284405, at *5.

Plaintiff may proceed under Title II of the ADA for monetary damages against Defendants in their official capacities, but only if Plaintiff shows discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall, 260 F.3d at 1138. Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40.

Punitive damages may not be awarded in suits brought under Title II of the ADA. Barnes v. Gorman, 536 U.S.181, 189 (2002). Therefore, Plaintiff may not proceed against any of the Defendants for punitive damages based on violation of the ADA.

Based on the foregoing, the court finds that Plaintiff fails to state any claims under the ADA. Plaintiff shall be granted leave to file an amended complaint curing the deficiencies found by the court in this claim.

## B.    Conditions of Confinement -- Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving

standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the

8

part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Farmer</u>, 511 U.S. at 835; <u>Frost</u>, 152 F.3d at 1128.

///

///

"'[T]he circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred.'" <u>Hearns v. Terhune</u>, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting <u>Johnson</u>, 217 F.3d at 731).

The Eighth Amendment's reach extends to a prisoner's basic "sanitation." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982) (overruled on other grounds). The right to "sanitation" includes the right to shower. <u>See</u>, <u>e.g.</u>, <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1110–1111 (9th Cir. 1986) (overruled on other grounds).

Plaintiff alleges that he is disabled and slipped in the shower because there were no slip mats or rails. Plaintiff has not shown that any of the Defendants were aware of a substantial risk of serious harm to Plaintiff and yet deliberately ignored or failed to reasonably respond to the risk, causing Plaintiff harm. To state a claim, Plaintiff must name an individual Defendant and allege *facts* showing that the Defendant was aware of conditions causing a risk of harm to Plaintiff and deliberately disregarded the risk. Plaintiff's allegations in the Complaint are not sufficient to state a claim for deliberate indifference against any of the individual Defendants. Therefore, Plaintiff fails to state an Eighth Amendment claim for adverse conditions of confinement.

## C.  <u>Appeals Process</u>

Plaintiff alleges that defendant Johnson attempted to impede the appeals process. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure);

Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

**D.** **First Amendment Claim**

Plaintiff seeks to bring a claim against Defendants under the First Amendment. The First Amendment bars Congress from making any "law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The court finds no allegations in the Complaint indicating that any of Plaintiff's rights under the First Amendment were violated. Therefore, Plaintiff fails to state a claim under the First Amendment. Plaintiff shall be granted leave to file an amended complaint addressing this claim.

**V.** **CONCLUSION**

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983 or the ADA. The court will dismiss the Complaint for failure to state a claim and grant Plaintiff leave to file a First Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant

did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, September 18, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Plaintiff is granted leave to file an amended complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01247-DAD-GSA-PC; and

5. If Plaintiff fails to file a First Amended Complaint within thirty days, the court shall recommend that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 23, 2018**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE