UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOZEMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>KELLY SANTORO, et al.,<br><br>        Defendants. | 1:17-cv-01247-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 11.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

David Bozeman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. On September 18, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On July 23, 2018, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.)

On August 23, 2018, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 11.) 28 U.S.C. § 1915A.

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue occurred at North Kern State Prison (NKSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Kelly Santoro (Warden, NKSP), B. Kibler (Chief Deputy Warden, NKSP), B. Johnson (Correctional Counselor II, NKSP), and Matthew Cate (Secretary, CDCR). Plaintiff's allegations follow.

Plaintiff alleges that Defendants were deliberately indifferent, in violation of Plaintiff's Eighth and Fourteenth Amendment rights when they failed to take obvious and necessary precautions to protect Plaintiff from injury. Defendants failed to install a preventative slip-mat in the shower causing Plaintiff to hurt his neck and back.

Notwithstanding the Americans with Disabilities Act's (ADA) mandate that Defendants provide safe showering facilities for ADA inmates, Defendants failed again and again to provide a requested slip-mat for the shower designated for ADA inmates, such as those confined to wheelchairs, using canes or crutches, etc. Defendants failed to provide said slip-mat until after Plaintiff, an ADA inmate, slipped and fell in the shower and hurt his neck and back. The Warden was aware that there was an ADA prisoner in her prison. The Warden failed to enforce a policy to upgrade the shower or take steps to prevent Plaintiff's injuries.

Defendant B. Kibler, who was responsible for Plaintiff's well-being as part of his ministerial duties, violated Plaintiff's First and Eighth Amendment constitutional rights. Defendant B. Johnson violated Plaintiff's Eighth Amendment rights based on the condition of the shower on Facility A, showing deliberate indifference. Defendant Matthew Cate, Secretary of the Department of Corrections, was responsible within his ministerial duties and violated Plaintiff's First and Eighth Amendment rights.

Plaintiff requests compensatory and punitive damages.

## IV.     PLAINTIFF'S CLAIMS

### A.     42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386,

393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see</u> <u>also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>see</u> <u>also</u> <u>Marsh v. Cnty. of San Diego</u>, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

    **B.**    **Americans With Disabilities Act (ADA)**

        **1.**    **Standards to State an ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, <u>United States v. Georgia</u>, 546 U.S. 151, 153 (2006), and state prisons "fall squarely

within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility—and dexterity-impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely,

and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

### 2. Appropriate Defendants in ADA Actions

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. Georgia, 546 U.S. at 153. State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). Also, a state official sued in his or her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action. See Applegate v. CCI, No. 1:16–cv–1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Ordinarily, a plaintiff is not entitled to monetary damages against defendants in their official capacities. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."). However, the Eleventh Amendment does not bar ADA suits against state officials in their official capacities for injunctive relief or damages. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792–93 (9th Cir. 2004).

### 3. Discussion

In the First Amended Complaint Plaintiff has not sufficiently established that he qualifies as disabled under the Americans with Disabilities Act. Plaintiff merely states that he is "an ADA inmate," without explaining the nature of his disability. To establish that he is disabled under the ADA, Plaintiff must allege facts showing that he has a "a physical or mental impairment that substantially limits one or more [of his] major life activities." 42 U.S.C. § 12102(1)(A). Plaintiff has not done so. Therefore, Plaintiff fails to establish in the First Amended Complaint that he qualifies as disabled under the ADA.

///

Plaintiff also fails to state a claim against Defendants in their individual or official capacities. Defendants in their individual capacities are precluded under the ADA,[1] and monetary damages are available against Defendants in their official capacities only if Plaintiff shows discriminatory intent.[2] Plaintiff has not shown that he was intentionally discriminated against because of his disability. There are no facts demonstrating that any Defendant knew there was a likelihood of harm to Plaintiff because a slip-mat was needed in the showers. Plaintiff uses conclusory language when alleging that Defendants failed to "take obvious, necessary precautions to protect Plaintiff from injury." This is insufficient to state a claim. Plaintiff states that the slip-mat was "requested," but he does not allege facts showing who made the request; when, how, and to whom the request was made; or what response was made, if any, to Plaintiff's request. Plaintiff has not alleged facts showing that any Defendant was consciously aware of a likelihood of harm and yet deliberately failed to reasonably respond. Thus, Plaintiff fails to state a claim against Defendants in their official capacity.

Plaintiff's request for punitive damages may not be awarded in a suit brought under Title II of the ADA. Barnes v. Gorman, 536 U.S.181, 189 (2002). Therefore, Plaintiff may not proceed against any of the Defendants for punitive damages based on violation of the ADA.

Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims under the ADA.

---

[1] Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

[2] Plaintiff may proceed under Title II of the ADA for monetary damages against Defendants in their official capacities, but only if Plaintiff shows discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall, 260 F.3d at 1138. Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40.

## C. Equal Protection -- Fourteenth Amendment

Plaintiff alleges that he was discriminated against because of his disability. "To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,"' (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee, 250 F.3d at 686), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's equal protection claim fails because the physically and mentally disabled are not suspect classes, and he does not allege that Defendants purposefully treated him differently than similarly situated individuals without any rational basis. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

## D. Conditions of Confinement -- Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal

safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer</u>, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. <u>Johnson</u>, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Farmer</u>, 511 U.S. at 834; <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. <u>Johnson</u>, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id.</u> at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Farmer</u>, 511 U.S. at 835; <u>Frost</u>, 152 F.3d at 1128.

"'[T]he circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred.'" <u>Hearns v. Terhune</u>, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting <u>Johnson</u>, 217 F.3d at 731).

The Eighth Amendment's reach extends to a prisoner's basic "sanitation." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (overruled on other grounds). The right to "sanitation" includes the right to shower. See, e.g., Toussaint v. McCarthy, 801 F.2d 1080, 1110–1111 (9th Cir. 1986) (overruled on other grounds).

Plaintiff alleges that he is disabled and slipped in the shower because there was no slip-mat. However, Plaintiff has not shown that any of the Defendants were aware of a substantial risk of serious harm to Plaintiff, yet deliberately ignored or failed to reasonably respond to the risk causing Plaintiff harm. To state a claim, Plaintiff must name an individual Defendant and allege *facts* showing that the Defendant was aware of conditions causing a risk of harm to Plaintiff and then deliberately disregarded the risk. Plaintiff's allegations in the First Amended Complaint are not sufficient to state a claim for deliberate indifference against any of the individual Defendants. Therefore, Plaintiff fails to state an Eighth Amendment claim for adverse conditions of confinement.

### E. First Amendment Claim

Plaintiff seeks to bring a claim against Defendants under the First Amendment. The First Amendment bars Congress from making any "law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The court finds no allegations in the Complaint indicating that any of Plaintiff's rights under the First Amendment were violated. Therefore, Plaintiff fails to state a claim under the First Amendment.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any claims in this case upon which relief may be granted under the ADA or § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under the ADA or § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny

leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under the ADA or § 1983; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 3, 2019**         **/s/ Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE