UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOZEMAN, | 1:17-cv-01247-DAD-GSA-PC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 20.)** |
| vs. | |
| KELLY SANTORO, et al., | **ORDER VACATING FINDINGS AND RECOMMENDATIONS OF JULY 8, 2019 (ECF No. 13.)** |
| Defendants. | |
| | **THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT** |

**I.    BACKGROUND**

David Bozeman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

On July 8, 2019, findings and recommendations were entered recommending that this action be dismissed based on Plaintiff's failure to state a claim in the First Amended Complaint upon which relief may be granted under § 1983 and the ADA. (ECF No. 13.) On August 5, 2019, Plaintiff filed objections to the findings and recommendations and a motion for leave to amend the complaint. (ECF Nos. 18, 19.) Plaintiff has lodged a proposed Second Amended Complaint. (ECF No. 20.)

1

## II. MOTION FOR LEAVE TO AMEND PURSUANT TO FRCP 15(a)(2)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Id. Here, because Plaintiff has already amended the complaint and no other parties have appeared, Plaintiff requires leave of court to file a Second Amended Complaint.

When evaluating a motion to amend under Rule 15, the court considers: (1) whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) whether there have been repeated failures to cure deficiencies by previous amendments; (3) whether there has been undue prejudice to the opposing party "by virtue of the allowance of the amendment"; and (4) whether amendment would be futile. Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Although prejudice to the opposing party "carries the greatest weight[,]. . . a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Furthermore, analysis of these factors can overlap. Springfield v. Voong, No. 2:18-CV-0016 DB P, 2019 WL 3564050, at *3–4 (E.D. Cal. Aug. 6, 2019). For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" Id. (quoting see Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do

so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 551 (9th Cir. 2007); <u>Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile)).

Here, Plaintiff has lodged a proposed Second Amended Complaint against three defendants -- Kelly Santoro (Warden), B. Kibler (Chief Deputy Warden), and B. Johnson (Correctional Counselor II) -- for subjecting him to adverse conditions of confinement by failing to protect him from slipping in the shower in violation of the Eighth Amendment. The court finds the proposed Second Amended Complaint to be deficient because it fails to allege facts showing that any of the <u>individual</u> defendants knew that Plaintiff faced an excessive risk of serious harm and ignored or deliberately disregarded the risk, causing Plaintiff harm.

Plaintiff was previously given an opportunity to correct the claims in Plaintiff's original Complaint that the court found deficient, with ample guidance by the court. The court provided Plaintiff with the legal standards for the deficient claims and gave him an opportunity to file the First Amended Complaint. (<u>See</u> ECF No. 9.) Plaintiff was advised in the court's screening order that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. (ECF No. 9 at 8:24-27.) Plaintiff was advised that he must name an individual Defendant and allege *facts* showing that the Defendant was aware of conditions causing an excessive risk of harm to Plaintiff and deliberately disregarded the risk. (ECF No. 9 at 9:15-16.) Plaintiff did not do so in the First Amended Complaint, and the court entered findings and recommendations on July 8, 2019, to dismiss the case. (ECF No. 13.)

The court has reviewed the proposed Second Amended Complaint and finds that it suffers from the same deficiencies. Plaintiff refers to defendants B. Kibler and B. Johnson as "Defendants" throughout the proposed Second Amended Complaint and alleges that "Defendants" were informed that they needed to install a preventative slip-mat in the showers, and "Defendants" ignored Plaintiff's request. There are no allegations at all against defendant

3

Santoro in the proposed complaint. Plaintiff cannot state a claim against any of the Defendants unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights. Plaintiff may not attribute liability to a group of defendants but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to allege *facts* showing that any of the individual named Defendants had personal knowledge and understood that Plaintiff faced an excessive risk of harm, or that any of the Defendants deliberately ignored the risk or otherwise acted unreasonably in face of the risk. The court shall not file the proposed Second Amended Complaint.

In the interest of justice, Plaintiff shall be granted an opportunity to file a Third Amended Complaint curing the deficiencies discussed by the court in this order. Plaintiff shall be granted thirty days in which to file the Third Amended Complaint. In light of this ruling, the court's findings and recommendations entered on July 8, 2019, shall be vacated.

### III. CONCLUSION

The court finds that Plaintiff's proposed Second Amended Complaint, lodged on August 5, 2019, fails to state any claims upon which relief may be granted under § 1983. Plaintiff shall be granted leave to file a Third Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file a Third Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted thirty days in which to file the Third Amended Complaint.

The Third Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

///

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, September 18, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on August 5, 2019, is GRANTED;
2. Plaintiff is granted thirty days from the date of service of this order to file a Third Amended Complaint, curing the deficiencies discussed by the court in this order;
3. The Third Amended Complaint shall be clearly and boldly titled "Third Amended Complaint" and reflect the case number 1:17-cv-01247-DAD-GSA-PC;
4. The court's findings and recommendations, entered on July 8, 2019, are VACATED; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 9, 2019** /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE