UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID BOZEMAN,

        Plaintiff,

   vs.

KELLY SANTORO, et al.,

        Defendants.

1:17-cv-01247-DAD-GSA-PC

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS**

## I.    BACKGROUND

David Bozeman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. On September 18, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On July 23, 2018, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On August 23, 2018, Plaintiff filed the First Amended Complaint. (ECF No. 11.)

On July 8, 2019, the court screened the First Amended Complaint and entered findings and recommendations to dismiss it for failure to state a claim. (ECF No. 13.) On August 5,

2019, Plaintiff filed objections to the findings and recommendations, requested leave to amend the complaint, and lodged a Second Amended Complaint. The court screened the proposed Second Amended Complaint and issued an order advising Plaintiff of the reasons that it failed to state a claim and allowing Plaintiff to file a Third Amended Complaint in an attempt to cure the deficiencies found by the court. On August 26, 2019, Plaintiff filed the Third Amended Complaint, which is now before the court for screening. (ECF No. 22.) 28 U.S.C. § 1915A.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

### III. SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff's allegations in the Third Amended Complaint arise from events allegedly occurring at North Kern State Prison (NKSP) in Delano, California, when Plaintiff was incarcerated there. Plaintiff names as defendants B. Kibler (Chief Deputy Warden) and B. Johnson (Correctional Counselor II) ("Defendants").

Plaintiff's allegations follow:

During Plaintiff's shower time, he fell and injured his neck and back because Defendants failed to install a mat in the shower to prevent him from slipping. The Defendants were informed on a couple of occasions by Plaintiff, prior to him injuring himself, that they needed to install a preventative slip-mat in the showers. Defendants acted unreasonably when they failed to install a mat. Defendant Kibler stated that to his knowledge only three inmates had slipped in the showers. Defendant Johnson stated that he knew of only one inmate who slipped in a shower.

Defendants were responsible for the safe custody and care of Plaintiff. Defendants had the authority and ability to have a preventative slip-mat installed. Defendants displayed deliberate indifference to Plaintiff's well being when they acknowledged that other inmates had slipped in the showers causing them to be injured, and consciously disregarded an excessive risk of harm to Plaintiff's safety.

Defendants had prior knowledge that inmates were being injured from the shower not having a slip-mat. Defendants had actual knowledge of a "substantial risk of serious harm" to Plaintiff in regard to the showers not having a slip-mat because of their knowledge of inmates being injured from slipping in showers. Plaintiff put Defendants on notice by informing and alerting them that the showers posed a significant risk to him. Defendants were aware that the poorly maintained shower floor posed a risk to Plaintiff and other inmates' safety yet failed to take reasonable measures to avoid that risk until after Plaintiff was injured. Defendants ignored Plaintiff's request to install a slip-mat in the showers.

Plaintiff is an ADA inmate with a mobility disability that requires relatively level terrain/path of travel accommodation to ambulate due to mobility. Defendants failed their duty to ensure that Plaintiff, who is housed at their facility, was safe from harm. The condition of the

showers is a situation affecting the safety and security of the prisoners at NKSP, including Plaintiff. The condition is contrary to current standards of decency for anyone to be exposed to such against their will, and Defendants are deliberately indifferent to such conditions complained.

The showers' conditions complained of are not isolated incidents, but a pattern that has continued over the past two years. Defendants are aware that the condition of the showers exposes Plaintiff to an unreasonable and foreseeable risk of serious injury. Plaintiff would not be able to protect himself from the hazardous and dangerous condition.

Plaintiff was required to seek medical attention for his injuries. As a direct and foreseeable result of the Defendants' violation of the Eighth Amendment, Plaintiff has suffered, is suffering, and will continue to suffer pain knowing that Defendants failed to provide preventative slip-mats for the showers. Plaintiff has suffered pain, shame, humiliation, degradation, extreme anxiety, emotional distress, mental distress, and other injuries. Defendants' acts were willful, intentional, malicious, wanton, and despicable, in conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of exemplary damages.

Plaintiff requests monetary damages, declaratory and injunctive relief, prejudgment interest on all damages the court awards, and costs and litigation fees.

## IV. PLAINTIFF'S CLAIMS

### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v.

4

Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

      **B.**      **Americans With Disabilities Act (ADA)**

          **1.**      **Standards to State an ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely

within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility—and dexterity-impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely,

and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

## 2. Appropriate Defendants in ADA Actions

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. Georgia, 546 U.S. at 153. State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). Also, a state official sued in his or her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action. See Applegate v. CCI, No. 1:16–cv–1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Ordinarily, a plaintiff is not entitled to monetary damages against defendants in their official capacities. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."). However, the Eleventh Amendment does not bar ADA suits against state officials in their official capacities for injunctive relief or damages. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792–93 (9th Cir. 2004).

## 3. Discussion

In the Third Amended Complaint, Plaintiff sufficiently establishes that he qualifies as disabled under the Americans with Disabilities Act. However, Plaintiff fails to state a claim against either of the Defendants, whether in their individual or official capacities. Defendants in their individual capacities are precluded under the ADA,[1] and monetary damages are available

---

[1] Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

*///*

against Defendants in their official capacities only if Plaintiff shows discriminatory intent. Plaintiff has not shown that he was intentionally discriminated against because of his disability.

Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims under the ADA.

### C.      Failure to Protect from Harm -- Eighth Amendment Claim

Prison officials must take reasonable measures to guarantee the safety of inmates. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984).  A prison official can be liable for failing to protect inmates only if: (1) there is an "excessive" and "substantial risk of serious harm," and (2) the official is subjectively aware of that risk but deliberately ignores it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 828-29 (1994).  A single, isolated incident does not amount to an "excessive" or "substantial" risk to inmate safety.  <u>See, e.g.</u>, <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding shackling dangerous inmate in shower does not create sufficiently unsafe condition even if inmate might fall; slippery prison floors do not state arguable claim for cruel and unusual punishment).

Negligence and gross negligence do not constitute deliberate indifference. <u>Farmer</u>, 511 U.S. at 835-36 (negligence); <u>see</u> <u>Dent v. Sessions</u>, 900 F.3d 1075, 1083 (9th Cir. 2018) (citation omitted) (gross negligence). "Accidents" and "inadvertent failure" do not rise to the level of deliberate indifference, either. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-106 (1976); <u>see, e.g.</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986) (finding sheriff's deputy not liable under Section 1983 for injuries sustained by inmate who slipped on pillow negligently left on stairs).

Plaintiff's allegations consist mainly of conclusory statements and references to the elements required to state a claim for deliberate indifference.  Plaintiff fails to allege *facts* showing that Defendants personally and deliberately acted to cause him harm.

Plaintiff claims that defendants Kibler and Johnson demonstrated deliberate indifference to his right to personal safety.  However, Defendants' failure to place a mat on the slippery shower

floor does not constitute an objectively serious deprivation that denied Plaintiff the minimal civilized measure of life's necessities. <u>Farmer</u>, 511 U.S. at 834. Even if the Defendants' conduct constituted an objectively serious deprivation, Plaintiff alleges no facts showing that Defendants acted with a sufficiently culpable state of mind. <u>See id.</u> The circumstances alleged do not support an inference that either of the Defendants intended to harm Plaintiff, or that they understood that the slippery floor posed a substantial risk of serious harm to Plaintiff. Plaintiff alleges that Defendants knew that other prisoners had slipped in the shower and injured themselves. However, Defendants' statements -- that they knew of "only" a few inmates who have slipped in the showers -- are not indicative of someone who is subjectively aware that a substantial risk of serious harm exists. Plaintiff's allegations support no more than negligence, and therefore do not state a claim for relief under the Eighth Amendment. Plaintiff's pain and suffering, to which the court is not insensitive, do not change the analysis. <u>See</u> <u>Estelle</u>, 429 U.S. at 106 ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain" necessary to demonstrate deliberate indifference).

Plaintiff's allegations are not sufficient to state a claim for deliberate indifference or violation of the ADA against any either of the Defendants. Therefore, the court finds that Plaintiff fails to state a cognizable claim in the Third Amended Complaint..

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any claims in this case upon which relief may be granted under the ADA or § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed four complaints without stating any claims upon which relief may be granted under the ADA or § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.      This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under the ADA or § 1983; and

2.      The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __September 10, 2019__          __/s/ Gary S. Austin__
                                                UNITED STATES MAGISTRATE JUDGE