| | |
|---|---|
| DAVID BOZEMAN<br><br>Plaintiff,<br><br>v.<br><br>KELLY SHAPIRO, et al.,<br><br>Defendants. | No. 1:18-cv-00607-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 23) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff David Bozeman is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 10, 2019, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed for failure to state a cognizable claim. (Doc. No. 23.) Finding that the third amended complaint was the fourth time that plaintiff had asserted the same non-cognizable claim, despite receiving ample guidance from the court, the magistrate judge recommended that the third amended complaint be dismissed without further leave to amend. (*Id*. at 9.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days of service of the order. (*Id*. at 10.) On

1

September 23, 2019, plaintiff timely filed his objections. (Doc. No. 24.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes the findings and recommendations are supported by the record and by proper analysis.

In his objections, plaintiff merely reiterates arguments raised in his objections to the magistrate judge's prior recommendations that plaintiff's second amended complaint should be dismissed for failure to state a claim. Plaintiff again asserts that he disagrees with the magistrate judge and that he has "provided sufficient facts pertaining to deliberate indifference on each individual." (Doc. No. 24 at 4:4–5.) Plaintiff points to his allegation that "Defendants understood that the slippery floor posed a substantial risk of serious harm to Plaintiff, based on the facts that Defendants knew that other prisoners had slipped in the shower and injured themselves." (Doc. No. 24 at 2:10–11.) The court agrees with the magistrate judge's conclusion that this allegation does not support an inference that either of the defendants intended to harm plaintiff or that they understood that the slippery floor posed a substantial risk of serious harm to plaintiff. (Doc. No. 23 at 9:4–6.) In short, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

Accordingly,

1. The findings and recommendations issued September 10, 2019 (Doc. No. 23) are adopted in full;
2. Plaintiff's third amended complaint (Doc. No. 22) is dismissed without further leave to amend; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 25, 2019**

UNITED STATES DISTRICT JUDGE

2